UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| HOME SAVINGS OF AMERICA, et al.,<br><br>　　　　　　Plaintiff,<br>　　v.<br>EMELITA FELIPE, et al.,<br>　　　　　　Defendants.<br>_____/ | No. C 12-01419 LB<br><br>**ORDER (1) REGARDING PLAINTIFF'S "EX PARTE" APPLICATION AND (2) VACATING THE DEADLINE FOR EXPERT DISCLOSURES TO BE SERVED**<br><br>[Re: ECF No. 47] |

## I. PLAINTIFF SHALL NOT FILE ANY MORE "STATEMENTS" OR "EX PARTE APPLICATIONS" THAT ACTUALLY ARE JUST NON-EX PARTE ADMINISTRATIVE MOTIONS

On February 8, 2013, Plaintiff filed a "Statement to the Court re: ADR Status and Request for Brief Continuance of ADR Completion Date." Statement, ECF No. 33 at 1.[1] In this "statement," Plaintiff requested that the court continue the deadline to complete ADR and stated that one Defendant had no objection to the proposed continuance and that another Defendant did not believe a stipulation was needed. *See id.*

On March 1, 2013, Plaintiff filed a "Notice of Application and Ex Parte Application to Modify Case Management Order re Expert Disclosure Deadlines Pending Post-Mediation Settlement Negotiations." "Ex Parte" Application, ECF No. 47. But as Plaintiff readily admits, its

---

[1] Citations are the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the page.

C 12-01419 LB
ORDER

"Application" is not even "ex parte" after all; all Defendants received notice of it. *Id*. at 2-3.[2]

In both of the above-described instances, what Plaintiff should have filed is an administrative motion, which is described in clear terms in Civil Local Rule 7-11. *See* N.D. Cal. Civ. L.R. 7-11. Parties use administrative motions to ask the court for relief with respect to miscellaneous administrative matters, such as requests to exceed otherwise applicable page limits, to extend case management deadlines, or to file a document under seal. *See id*. Following the procedures set forth in Civil Local Rule 7-11 is important (and required) because that Rule provides applicable page limits for such motions and provides that any party may file an opposition to the administrative motion within 4 days. *See id*. These procedures, in turn, allow the court to review the administrative motion, and any oppositions to it, in an efficient and orderly manner and prevent a proliferation of confusing briefs authored by confused parties from being filed. Accordingly, the next time Plaintiff seeks administrative relief from this court, Plaintiff is **ORDERED** to review Civil Local Rule 7-11 and follow it.

## II. THE COURT WILL VACATE THE DEADLINE FOR EXPERT DISCLOSURES TO BE SERVED AND IT WILL SET A NEW ONE AT THE MARCH 7, 2013 CASE MANAGEMENT CONFERENCE

In its "Ex Parte" Application, Plaintiff asks the court to continue the following deadlines: (1) for expert disclosures to be served from March 10, 2013 (the current deadline) to April 21, 2013; (2) rebuttal expert disclosures to be served from May 24, 2013 to July 5, 2013; and (3) for the completion of expert discovery from June 4, 2013 to July 16, 2013. "Ex Parte" Application, ECF No. 47 at 7. One problem with this request is that the dates Plaintiff proposed are contested and will be the subject of discussion at the March 7, 2013 case management conference. *See* 2/28/2013 CMC Statement, ECF No. 45 at 3-4. To ask the court to accept the proposed dates through the filing of an improper "ex parte" application rather than an administrative motion with clear opposition deadlines would possibly prevent Defendants from providing their input on the matter. Another problem is that Plaintiff uses the spectre of increased attorney's fees to persuade the court to grant its proposed

---

[2] An ex parte motion, of course, is "a motion filed without notice to [an] opposing party." N.D. Cal. Civ. L.R. 7-10.

UNITED STATES DISTRICT COURT
For the Northern District of California

1 deadlines now rather than wait to discuss the deadlines at the case management conference, but the
2 deadlines at issue have been set since October 2012 and Plaintiff could have worked with
3 Defendants much earlier to adjust the deadlines without creating an attorney's fees issue.
4   Nevertheless, in light of the parties' purported ongoing settlement efforts and the upcoming
5 discussion of the deadlines at the March 7, 2013 case management conference, the court **VACATES**
6 the expert disclosure deadline (currently set for March 10, 2013), and it will set a new one at or after
7 the case management conference.
8   **IT IS SO ORDERED.**
9 Dated: March 1, 2013

_____
LAUREL BEELER
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
For the Northern District of California

C 12-01419 LB
ORDER                          3